Filed 12/3/25  P. v. Velazquez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LORENZO VELAZQUEZ,<br><br>    Defendant and Appellant. | H053162<br>(Monterey County<br>Super. Ct. No. 23CR008221) |

Pursuant to a plea agreement, defendant Lorenzo Velazquez pleaded no contest to two counts of forcible lewd acts upon a child.  The trial court sentenced Velazquez to 20 years in prison.

On appeal, Velazquez's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case and facts but raises no issues. This court notified Velazquez of his right to submit written argument on his own behalf within 30 days.  That period has elapsed, and we have received no response from Velazquez.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*), we have carefully reviewed the entire record and have determined that there are no arguable issues on appeal that would result in a disposition more favorable to Velazquez.  Accordingly, we will affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A Salinas police detective testified at a preliminary examination that Velazquez's stepdaughter disclosed Velazquez sexually abused her when she was 10 years old. She stated Velazquez touched her vagina and then told her he would hurt her brothers if she told anyone. Velazquez's stepdaughter also said she saw Velazquez touch her younger sister. The detective then observed an interview in which the younger sister said Velazquez rubbed her vagina over her clothes and told her "something bad would happen" if she reported his actions.

The prosecution charged Velazquez by amended information with four counts: two counts of forcible lewd acts upon a child (Pen. Code, § 288, subd. (b)(1); counts 1 and 3)[1] and two counts of lewd acts upon a child (§ 288, subd. (a); counts 2 and 4), with various aggravating circumstances alleged. Velazquez pleaded no contest pursuant to a plea agreement to the two counts of forcible lewd acts upon a child: one count for each of the two sisters. He admitted aggravating circumstances that the victim was particularly vulnerable and that he took advantage of a position of trust or confidence to commit the offense.[2] As part of the plea agreement, Velazquez agreed to waive "the right to appeal my conviction, the judgment, the sentence, and any other orders previously issued by this court or any other court . . . ." Velazquez confirmed this waiver in a colloquy with the trial court.

---

[1] Unspecified statutory references are to the Penal Code.

[2] Neither Velazquez's waiver of rights document nor his statements at the plea hearing specifically establish whether the aggravating circumstances applied to both counts or just one. A minute order from the plea hearing also states that Velazquez admitted an enhancement for both counts that the victims were children under 14 years of age and that his offenses involved multiple victims (§ 667.61, subd. (j)(2)). While the amended information contained such an enhancement allegation for both counts, Velazquez admitted no such enhancement, and neither the probation officer's presentence report nor the trial court stated that such an enhancement was found true. The trial court imposed Velazquez's sentence without reference to any such enhancement.

The trial court imposed the stipulated sentence, 20 years in prison. Velazquez timely appealed; however, the trial court denied his request for a certificate of probable cause.

## II. DISCUSSION

Velazquez waived his right to appeal from the judgment. "It is well settled that an express waiver of the right to appeal in a negotiated plea agreement is valid and enforceable, provided that the waiver is knowing, intelligent, and voluntary. [Citations.]" (*People v. Orellana* (2022) 74 Cal.App.5th 319, 325.) In addition, Velazquez did not obtain a certificate of probable cause from the trial court. Section 1237.5 states that "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere" except where the defendant has filed a statement with the trial court "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and "[t]he trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

In *People v. Becerra* (2019) 32 Cal.App.5th 178 (*Becerra*), this court dismissed an appeal based on a waiver similar to that in the instant case. The defendant in *Becerra* pleaded no contest to two offenses pursuant to a plea agreement and expressly waived his appellate rights. (*Id.* at pp. 181, 183.) Although he did not obtain a certificate of probable cause, Becerra appealed. He contended that the trial court erred in calculating his custody credits. (*Id.* at p. 182.) This court noted that the waiver "expressly encompasses an appeal from the 'judgment' or any collateral attack on the 'sentence,'" and Becerra waived "'*all rights* regarding state and federal writs and *appeals*.'" (*Id.* at p. 189.) This court held Becerra's custody credits claim fell within the scope of this appellate waiver, rejecting Becerra's argument that the claim was cognizable because he could not knowingly and intelligently waive an alleged error that had not yet occurred. (*Id.* at p. 191.) This court then concluded that because the appellate waiver was contained in Becerra's plea agreement, "his contention concerning the enforceability of

3

the appellate waiver constitutes an attack on the plea's validity" that required a certificate of probable cause. (*Id.* at p. 192.)

In the instant case, this court ordered Velazquez to show cause why the appeal should not be dismissed. In response, Velazquez acknowledges that he did not obtain a certificate of probable cause and that "it appears that [his] waiver of his statutory and constitutional rights and entry of his no contest pleas were knowing, intelligent and voluntary, and that he knowingly waived his right to appeal from his stipulated sentence and any orders made by the court through . . . the date when the waiver was executed." However, Velazquez asserts that this waiver should not be interpreted to encompass any sentencing errors occurring after his waiver was executed, even though he agreed to waive the right to appeal "the sentence." If the waiver is interpreted to cover such sentencing errors, he contends this term is unenforceable as unconscionable. He thus urges this court to conduct an "extremely limited" review of the record to determine if any sentencing errors occurred of which he was unaware when he executed his waiver of appellate rights.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106, we have carefully reviewed the entire record. Similarly to the defendant in *Becerra*, Velazquez waived "all my rights regarding both state and federal writs and appeals," including "the right to appeal my conviction, the judgment, the sentence, and any other orders previously issued by this court . . . ." Without a certificate of probable cause, we cannot review challenges to the validity of the plea, including the enforceability of the appellate waiver. (§ 1237.5; Cal. Rules of Court, rule 8.304(b); *Becerra*, *supra*, 32 Cal.App.5th at p. 192; but see § 1016.8, subd. (a)(4) ["A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent"].)

4

Neither the waiver nor the omission of a certificate of probable cause, however, wholly forecloses Velazquez's right to our independent review of the record under *Wende*. A certificate of probable cause is not required to appeal "after a plea of guilty or nolo contendere . . . on grounds that do not affect the validity of the plea or admission . . . ." (Cal. Rules of Court, rule 8.304(b)(2).) Thus, "a certificate of probable cause is *not* required for the issue of *whether* the defendant's appellate claim falls within the scope of an appellate waiver." (*Becerra*, *supra*, 32 Cal.App.5th at p. 188.) We have reviewed the record for arguable issues that would exceed the scope of the waiver and therefore would be cognizable despite the waiver. (*Ibid.*) We have found none.

### III. DISPOSITION

The judgment is affirmed.

_____

Greenwood, P. J.

WE CONCUR:

_____

Danner, J.

_____

Bromberg, J.

H053162 People v. Velazquez